UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPAFINDER, INC., | Civil Action No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, VIOLATION OF ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT, DILUTION, AND RELATED STATE AND COMMON LAW CAUSES OF ACTION** |
| ODIN METATECH, INC. and XYZ CORP. (unidentified) d/b/a VIDAR NETWORKS, | |
| Defendants. | |

RECEIVED
JUL 18 2008
U.S.D.C. S.D. N.Y.

Plaintiff, SpaFinder, Inc., by its attorneys, Greenberg Traurig, LLP, for its causes

of action against Defendants, Odin Metatech, Inc. and XYZ Corp. (unidentified) d/b/a

Vidar Networks, states and alleges as follows:

## PARTIES

**1.**     Plaintiff SpaFinder, Inc. ("SpaFinder") is a Maryland Corporation with a

principal place of business at 257 Park Avenue South, New York, New York 10010.

**2.**     Upon information and belief, Defendant Odin Metatech, Inc. ("Odin") is a

California corporation with a principal place of business at 1204 California Avenue, Suite

1, Santa Monica, California 90403.

**3.**     Upon information and belief, Defendant XYZ Corp. is an unidentified

business entity or individual doing business under the trade name "Vidar Networks"

("Vidar") and is affiliated with Defendant Odin.

## JURISDICTION

4.      This Court has subject matter jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121 over the matters complained of hereinbelow, which allege violations of the United States Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. §§ 1051, et seq. (the "Lanham Act"). This Court also has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367. This Court has jurisdiction over all claims under 28 U.S.C. §1332, the matter in controversy exceeding $75,000 in value and the controversy being between citizens of different states.

5.      This Court has personal jurisdiction over the Defendants due to their contacts with New York, including the transacting of business in New York with citizens of this State, at least some of which such contacts have given rise to and relate to the present cause of action.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c), since a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and the corporate Defendants are subject to personal jurisdiction in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

### I.    Plaintiff's SPAFINDER Trademarks

7.      Plaintiff is a leading spa media, travel and marketing company, connecting consumers with the spa experience by providing, among things, printed and electronic publications, travel services, internet and online spa search and locator services, spa reservation services, provision of spa gift certificates, and corporate incentive services.

Since 1987, Plaintiff has provided its spa related goods and services, and, thus, enjoy a worldwide, prominent reputation in the spa industry.

8.    On September 17, 1997, Plaintiff registered the domain name SPAFINDER.COM, and has owned and operated such domain name continuously to date.

9.    Since 1997, Plaintiff has promoted, offered and provided its goods and services on its website accessed by the domain name SPAFINDER.COM. In particular, consumers can, via Plaintiff's website, access a vast database and search for information on spas and locations therefor worldwide, obtain spa related news and information, and gain access to various spa related resources.

10.    Plaintiff is the owner of several U.S. trademark registrations and applications for the mark SPAFINDER and slight variations thereof, and for marks that contain the element "SPAFINDER" (the "SPAFINDER Marks"). These are:

(a)    U.S. Trademark Registration No. 2,111,806 for the mark SPA FINDER, registered on November 11, 1997 for "printed publications, namely, catalogs, magazines and newsletters, featuring information for the vacation traveler," in International Class 16;

(b)    U.S. Trademark Registration No. 3,272,044 for the mark SPAFINDER, registered on July 31, 2007 for "online ordering services featuring bath and beauty products, gift certificates and publications," in International Class 35, "travel agency services, namely, online reservations and bookings for transportation," in International Class 39, and "online publication in the nature of magazines, articles and commentary

featuring information for the vacation traveler and beauty, health and wellness information," in International Class 41;

(c)     U.S. Trademark Registration No. 3,004,327 for the mark LUXURY SPAFINDER THE SPA LIFESTYLE AT ITS FINEST & Design, registered October 4, 2005 for "printed matter, namely magazines featuring information for the vacation traveler," in International Class 16;

(d)     U.S. Trademark Application Serial No. 77/501,000 for the mark SPAFINDER LIFESTYLE, filed June 17, 2008 for "providing online information in the spa, travel, beauty and well-being fields," in International Class 35, and "online publication in the nature of magazines, articles and commentary featuring information on spas, travel, beauty and wellness information," in International Class 41;

(e)     U.S. Trademark Application Serial No. 77/489,568 for the mark LUXURY SPAFINDER, filed June 3, 2008 for "online publications in the nature of magazines, articles and commentary featuring information on spas, salons, resorts and hotels, beauty, health, fitness and wellness information, and information for travelers and vacationers," in Class 41;

(f)     U.S. Trademark Application Serial No. 77/489,452 for the mark GLOBAL SPAFINDER, filed June 3, 2008 for "Printed publications, namely, directories, magazines, and catalogs featuring information on spas, salons, resorts and hotels, and information for travelers and vacationers," in Class 16; and

(g)     U.S. Trademark Application Serial No. 77/400,017 for the mark SPAFINDER, filed February 19, 2008 for numerous spa related products.

11.     As a result of the extensive use, promotion and sales of various spa related goods and services under the SPAFINDER Marks, Plaintiff's SPAFINDER Marks and SPAFINDER.COM domain name have become famous and are well known in the spa industry.

## II.     Defendants' Use of the SPA FINDER Trademark and SPAFINDER.NET Domain Name

12.     As more fully described below, Defendants are usurping and misappropriating Plaintiff's reputation and goodwill in its SPAFINDER Marks for the Defendants' own pecuniary gain and, in the process, are infringing, diluting and blurring Plaintiff's SPAFINDER Marks and Plaintiff's goodwill and reputation associated therewith.

13.     On or about May 26, 2006, Defendant Odin, without Plaintiff's knowledge or permission, registered the domain name SPA-FINDER.NET through the registrar GoDaddy.com, Inc.

14.     Defendants' website accessed by the SPA-FINDER.NET domain name enables consumers to search for spas and locations therefor, obtain spa related news and information, and gain access to various spa related resources.

15.     Defendants promote and provide their services under the SPA FINDER mark.

16.     In view of the foregoing, Plaintiff's services and Defendants' services are virtually identical and are competitive, marketed, distributed and provided in the same channels of trade, and are marketed to and utilized by the same consumers.

17.     Upon information and belief, Defendants' first use in commerce of its SPA FINDER mark in connection with its services commenced subsequent to Plaintiff's

date of registration for its original SPA FINDER mark and subsequent to Plaintiff's date of first use of the SPA FINDER mark in commerce.

18.    The second level component of Defendants' domain name, i.e., "SPA-FINDER," is virtually identical to each of Plaintiff's SPAFINDER Marks or a dominant element thereof.

19.    Until very recently, Defendants' website accessed by the SPA-FINDER.NET domain name contained the following copyright legend: "© Copyright Spa Finder, All Rights Reserved."

20.    When Plaintiff became aware of Defendant Odin's use of the SPA FINDER mark and use and registration of the domain name SPA-FINDER.NET, Plaintiff's General Counsel sent a cease and desist letter to Defendant Odin on July 7, 2008, requesting that it discontinue use of the SPA FINDER mark, as well as the use and registration of the domain name SPA-FINDER.NET.

21.    While Defendant Odin did not respond to Plaintiff's cease and desist letter, it altered the website at issue by removing the original copyright legend described above and adding the following new one: "This website is not affiliated with SpaFinder (http://www.spafinder.com) © Vidar Networks, All Rights Reserved".

22.    In view of the foregoing change to the website legend, Defendant Vidar appears to be affiliated with Defendant Odin, as the new legend indicates that Defendant Vidar is a copyright owner for content on the site. Indeed, access is available to Vidar's website, VIDARNETWORKS.COM, by a hyperlink contained within the new legend. Nevertheless, Plaintiff has not been able to confirm the true identity of Defendant Vidar as of this date.

23.     Notwithstanding Plaintiff's demand to Defendants that they cease and desist use of the SPA FINDER mark and the use and registration of the domain name SPA-FINDER.NET, Defendants continue to use the SPA FINDER mark and retain and use the domain name to cause consumer confusion.

24.     Defendants' use of Plaintiff's trademark and goodwill in an unauthorized, deceptive manner has independently and cumulatively had the effect of confusing consumers as to the affiliation and/or sponsorship of Defendants with/by Plaintiff.

## FIRST CLAIM FOR RELIEF

### ( TRADEMARK INFRINGEMENT UNDER SECTION 32(1) OF THE LANHAM ACT, 15 U.S.C. SECTION 1114(1) )

25.     Plaintiff repeats and realleges Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.     Defendants' acts as alleged herein are likely to cause confusion, mistake, or deception constituting trademark infringement in violation of Lanham Act § 32, 15 U.S.C. § 1114(1).

27.     The use by Defendants of the SPA FINDER mark and the domain name SPA-FINDER.NET in connection with their services is likely to cause confusion, to cause mistake, and to deceive the relevant consuming public.

28.     Upon information and belief, Defendants' acts are calculated to deceive and do deceive the public into using Defendants' services in the mistaken belief that they are sponsored by, connected with, or associated with or provided under the supervision of Plaintiff.

**29.**     Defendants' acts have been and are committed with the fraudulent intent and purpose of misappropriating Plaintiff's goodwill and to illegally profit from Plaintiff's trademarks.

**30.**     Defendants' acts tend to dilute and reduce the value of Plaintiff's goodwill and tend to destroy the association between Plaintiff's goods and services and its SPAFINDER Marks.

**31.**     Defendants, by selecting, registering, and using the domain name SPA-FINDER.NET, intend to divert consumers seeking Plaintiff's goods and services on the Internet, to Defendants' commercial gain, and to Plaintiff's commercial detriment, and have realized this intended objective. Defendants have designed a scheme that targets and confuses Internet users who search for the trademark SPAFINDER or slight variations thereof.

**32.**     Defendants' use of the SPA FINDER mark and the domain name SPA-FINDER.NET has caused serious and irreparable damage to Plaintiff, and Plaintiff will continue to suffer irreparable damage for which Plaintiff has no adequate remedy at law. Plaintiff is, therefore, entitled to a permanent injunction against further infringing conduct by Defendants.

**33.**     Defendants knew, or should have known, of Plaintiff's SPAFINDER Marks before and during their use of the SPA FINDER mark and registration and use of the SPA-FIDER.COM domain name, and have, therefore, willfully infringed Plaintiff's trademarks.

## SECOND CLAIM FOR RELIEF

## (FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. §1125(a))

**34.**    Plaintiff repeats and realleges Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

**35.**    Defendants' acts as alleged herein constitute a false representation as to the source of their services and a false designation of origin, deception as to the affiliation, source or sponsorship of the Defendants' Internet site, unfair competition, and false advertising in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

**36.**    Defendants' conduct is likely to cause confusion, mistake, and deception among the general purchasing public, and interferes with the ability of Plaintiff to use its SPAFINDER Marks to indicate a single quality control source of goods and services. Plaintiff is informed and believes, and based thereon alleges, that Defendants will continue to violate the trademark rights of Plaintiff unless enjoined from doing so. Plaintiff has been and continues to be irreparably injured as a result of the Defendants' infringing activities, and has no adequate remedy at law. Plaintiff is, therefore, entitled to a permanent injunction against further infringing conduct by the Defendants.

**37.**    The Defendants have profited and are profiting by such infringement, and Plaintiff has been and is being damaged by such infringement. Plaintiff is, therefore, entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing activities.

**38.**    Defendants' aforesaid wrongful conduct has been willful, wanton, and malicious and done with an intent to deceive. Plaintiff is, therefore, entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to 15

U.S.C. § 1125. Plaintiff is also entitled to, among other things, the cost of corrective advertising.

## THIRD CLAIM FOR RELIEF

## (VIOLATION OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT - SECTION 43(d)(1)(A) OF THE LANHAM ACT, 15 U.S.C. §1125(d)(1)(A))

**39.** Plaintiff repeats and realleges Paragraphs 1 through 38 of the Complaint as if fully set forth herein.

**40.** Defendants have, with bad faith intent to profit from Plaintiff's SPAFINDER Marks, registered a domain name, the primary portion of which is identical or confusingly similar to each of Plaintiff's SPAFINDER Marks or a dominant element thereof.

**41.** Plaintiff's SPAFINDER Marks are famous and Defendants SPA FINDER trademark and domain name SPA-FINDER.NET are confusingly similar to and dilutive of Plaintiff's SPAFINDER Marks.

**42.** Defendants have no valid intellectual property rights in the domain name SPA-FINDER.NET or the SPA FINDER mark.

**43.** Defendants had, and continue to have, an intent to divert consumers from Plaintiff's website, SPAFINDER.COM, to Defendants' website for the purpose of commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation and/or endorsement of the site by Plaintiff.

**44.** In addition to an injunction, profits, damages and costs, triple damages and attorneys fees, Plaintiff is entitled to the transfer of the domain name SPA-FINDER.NET from Defendant Odin to Plaintiff.

## FOURTH CLAIM FOR RELIEF

### (DILUTION OF TRADEMARKS UNDER SECTION 43(c) OF THE LANHAM ACT, 15 U.S.C. §1125(c))

**45.**    Plaintiff repeats and realleges Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

**46.**    Plaintiff's SPAFINDER Marks have acquired a strong recognition in the marketplace as a result of their extensive use, advertising and publicity.

**47.**    Defendants' unauthorized and commercial use of the SPA FINDER mark tends to, and does, dilute, tarnish and blur the distinctive quality of Plaintiff's SPAFINDER Marks, and is diminishing and will destroy the public association of the SPAFINDER Marks with Plaintiff in violation of 15 U.S.C. § 1125(c).

## COUNT FIVE

### (UNFAIR COMPETITION UNDER NEW YORK STATE LAW)

**48.**    Plaintiff repeats and realleges the allegations of Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

**49.**    Plaintiff has built up valuable goodwill in Plaintiff's SPAFINDER Marks.

**50.**    Defendants' use of the SPA FINDER mark is likely to and does permit Defendants to palm off their infringing services as those of Plaintiff, all to the detriment of Plaintiff and the unjust enrichment of Defendants.

**51.**    Defendants, upon information and belief, with full knowledge of the fame of Plaintiff's SPAFINDER Marks, intended to, and did, trade on the goodwill associated with Plaintiff's marks and has misled and will continue to mislead the public into

assuming a connection between Plaintiff and Defendants by Defendants' provision of infringing services.

52.    Defendants' unauthorized use of the SPA FINDER mark has caused and is likely to continue to cause Plaintiff damage by tarnishing the valuable reputation and image associated with Plaintiff and its genuine goods and services.  Defendants have further palmed off their services as Plaintiff's services by Defendants' false labeling and misrepresentations to the consuming public, members of whom are likely to, and do, believe the infringing services emanate from or are associated with Plaintiff.

53.    The acts of Defendants, which permit and accomplish confusion, mislead and deceive the public as to the source of Defendants' services, permit and accomplish palming off of Defendants' services as those of Plaintiff and falsely suggest a connection with Plaintiff, constitute acts of unfair competition with Plaintiff in violation of the laws of the State of New York.

54.    Defendants' acts have caused and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

### COUNT SIX

### (NEW YORK TRADEMARK DILUTION UNDER
### N.Y. GENERAL BUSINESS LAW § 360-l)

55.    Plaintiff repeats and realleges Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56.    Defendants' acts have caused damage to Plaintiff by tarnishing Plaintiff's valuable reputation and diluting or blurring the distinctiveness of Plaintiff's SPAFINDER Marks in violation of New York General Business Law § 360-l, and will continue to

tarnish and destroy the value of Plaintiff's marks unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## COUNT SEVEN

### (UNLAWFUL DECEPTIVE ACTS AND PRACTICES UNDER N.Y. GENERAL BUSINESS LAW § 349)

57.    Plaintiff repeats and realleges Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58.    Upon information and belief, Defendants, without Plaintiff's authorization or consent, and having knowledge of Plaintiffs' well-known and prior rights in Plaintiff's SPAFINDER Marks, and the fact that Defendants' services are provided in connection with marks which are confusingly similar to Plaintiff's SPAFINDER Marks, Defendants promoted, offered, and provided infringing services to the consuming public in direct competition with Plaintiff's services.

59.    Defendants' use of copies or simulations of Plaintiff's SPAFINDER Marks is likely to cause, and is causing, confusion, mistake and deception among the general purchasing public as to the origin of Defendants' services, and is likely to deceive the public into believing that Defendants' services originate from, are associated with, or are otherwise authorized by Plaintiff.

60.    Defendants' deceptive acts and practices involve public sales activities of a recurring nature in violation of New York General Business Law § 349.

61.    Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT EIGHT

## (VIOLATION OF THE NEW YORK DOMAIN NAMES CYBER PIRACY PROTECTIONS ACT UNDER N.Y. GENERAL BUSINESS LAW § 146 ET SEQ.)

**62.**    Plaintiff repeats and realleges Paragraphs 1 through 61 of this Complaint as if fully set forth herein.

**63.**    Defendants' acts as described hereinabove, including, inter alia, their unauthorized use and registration of the domain name SPA-FINDER.NET constitutes a violation of the New York Domain Names Cyber Piracy Protection Act, New York General Business Law §146 et seq.

## COUNT NINE

## (COMMON LAW TRADEMARK INFRINGEMENT)

**64.**    Plaintiff repeats and realleges Paragraphs 1 through 63 of this Complaint as if fully set forth herein.

**65.**    The acts of Defendants complained of herein constitute trademark infringement under the common law of the State of New York.

**66.**    Defendants have acted willfully with the intention, and likely result, of confusing, misleading, and deceiving consumers, and have intentionally and willfully misappropriated the goodwill belonging to Plaintiff's trademarks and associated goods and services.

**67.**    The acts of Defendants complained of herein, including. inter alia, their unauthorized use of the SPA FINDER mark, constitute willful infringement of Plaintiff's property rights, in violation of New York common law.

## COUNT TEN

## (COMMON LAW UNFAIR COMPETITION)

**68.** Plaintiff repeats and realleges Paragraphs 1 through 67 of this Complaint as if fully set forth herein.

**69.** The acts of Defendant complained herein constitute unfair competition under the common law of the State of New York.

## DEMAND FOR JURY TRIAL

**70.** Plaintiff requests a jury trial under Fed. R. Civ. P. 38 on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants that:

1. Defendants, their officers, agents, servants, distributors, licensees, subsidiaries, employees, attorneys, representatives, related companies, and all those in privity or acting in concert with Defendants or on their behalf, be permanently enjoined and restrained from, directly or indirectly:

(a) Using the SPA FINDER mark or any other mark similar thereto, alone or in combination with other words, names, styles, titles, designs, or marks in connection with promotional material, advertisements, packaging or in any other way in connection with the advertising, distribution, offering for sale or sale of any of the goods or services identified in Plaintiff's trademark registrations and applications;

(b) Using, advertising, and promoting the domain name SPA-FINDER.NET;

(c)    Otherwise advertising, promoting, distributing, offering for sale, selling or using any mark or domain name in any manner that dilutes and/or is likely to cause confusion with Plaintiff's SPAFINDER Marks, or misrepresenting or suggesting sponsorship and/or affiliation by/with Plaintiff.

2.    Defendants, including their officers, agents, servants, distributors, licensees, subsidiaries, employees, attorneys, representatives, related companies, and all those in privity or acting in concert with Defendants or on their behalf, be temporarily restrained and enjoined from transferring, disposing of, or otherwise affecting the ownership and/or control of the SPA-FINDER.NET domain name.

3.    Defendants be required to deliver up for destruction and/or to destroy all signs, containers, packages, labels, literature, catalogs, advertising materials and the like bearing the SPA FINDER mark, or any word or mark confusingly similar thereto in association with goods or services not emanating from or authorized by Plaintiff.

4.    Defendant Odin take all steps necessary to convey the domain name SPA-FINDER.NET to Plaintiff.

5.    The Court award Plaintiff its attorneys' fees and costs incurred in this action.

6.    Defendants pay to Plaintiff the costs of corrective advertising.

7.    The Court award to Plaintiff such other and further relief that the Court deems just and proper.

Dated: July 18, 2008
        New York, New York

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____
        Ralph W. Selitto, Jr. (RS 4389)
        200 Park Avenue
        Florham Park, NJ 07932
        Tel. No. (973) 443-3550
        Tel No. (973) 295-1309
        Email: selittor@gtlaw.com

        Attorneys for Plaintiff,
        SPAFINDER, INC.